**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CRAIG A. HERL,

                Petitioner,                        Case Number: 06-CV-13843

v.                                         HON. GEORGE CARAM STEEH

FEDERAL BUREAU OF PRISONS,

                Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Joseph Hill has filed a *pro se* petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2241.  Petitioner challenges the Federal Bureau of Prisons' (BOP) regulations and

policies which limit the placement of federal prisoners in community corrections centers (CCCs),

also known as residential reentry centers (RRCs).  Respondent has filed a response in opposition.

**I.**

On February 2, 2006, Petitioner was sentenced in the United States District Court for the

Southern District of Ohio to 18-months imprisonment and three years of supervised release for

obstruction of justice.  Petitioner has been informed by the BOP that he will not be considered

for CCC placement prior to the last 10% of his sentence. Petitioner argues that the BOP policy

and regulations limiting his CCC placement are invalid and violate his rights to Equal Protection

and Due Process.  He seeks immediate consideration for CCC placement.

**II.**

A court may *sua sponte* raise the question of jurisdiction. Berger v. Cuyahoga County

Bar Assoc., 983 F.2d 718, 721 (6ᵗʰ Cir. 1993). The Court, therefore, *sua sponte* raises the issue

of mootness. *See* Medberry v. Crosby, 351 F.3d 1049, 1054 n.3 (holding that, because mootness

"strik[es] at the heart of federal subject matter jurisdiction" it may be raised *sua sponte*) (internal

quotation omitted).

Article III, § 2, of the Constitution requires the existence of a case or controversy through

all stages of federal judicial proceedings. This case or controversy requirement means that,

throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury

traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v.

Continental Bank Corp., 494 U.S. 472, 477 (1990).

The Federal Bureau of Prisons maintains an Inmate Locator Service, which may be

accessed through the Bureau of Prisons' official website (www.bop.gov). The Inmate Locator

Service enables the public to track the location of federal inmates. The Court is permitted to take

judicial notice of information on the Inmate Locator Service. *See* Fed. R. Evid. 201(c);

Chukwuemeka v. Hogsten, No. 05-2531; 2006 WL 42175, n.2 (M.D. Pa. Jan. 6, 2006); Meador

v. O'Brien, No. 04-224; 2005 WL 2133598, * 4 (E.D. Ky. Aug. 31, 2005). The Inmate Locator

Service indicates that Petitioner is now released from custody. The relief Petitioner seeks in his

habeas petition is an order from this Court requiring the BOP to consider him for transfer to a

CCC. Because Petitioner has been released, the Court concludes that there remains no actual

injury which the Court could redress with a favorable decision. *Accord* Elwood v. Sanders, 152

Fed. Appx. 558 (8th Cir. Nov. 2, 2005) (unpublished) (holding that petitioner's release pending

appeal rendered moot challenge to BOP's policy preventing his transfer to CCC); <u>Chhibba v.</u>

<u>Fed. Bureau of Prisons</u>, 154 Fed. Appx. 279 (3d Cir. Oct. 19, 2005) (unpublished) (same); <u>Vega-</u>

<u>Rosado v. Ledezma</u>, No. 06-1269, 2006 WL 2927322 (D. Puerto Rico Oct 11, 2006) (same)

(unpublished).  The matter, therefore, shall be dismissed as moot.

<h2 style="text-align:center">III.</h2>

The Court finds that the petition no longer presents a justiciable case or controversy.

Therefore, **IT IS ORDERED** that the matter is **DISMISSED.**

Dated:  February 25, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 25, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---